IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-30922
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

MARCUS W CLAYTON

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-222-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marcus W. Clayton appeals the sentence imposed following his guilty plea to possession with intent to distribute cocaine. He argues that the district court plainly erred in upwardly departing from the advisory guidelines range by failing to provide fact-specific reasons for its judgment.

The record refutes Clayton's contention that the district court impermissibly relied on his arrest history in upwardly departing. The record instead discloses that Clayton engaged in ongoing criminal conduct of a serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nature, including drug and unlawful possession of a firearm crimes that were similar to the instant offense of conviction, conduct sufficient to support the district court's decision to upwardly depart from the advisory guidelines range. See U.S.S.G. § 4A1.3, cmt. (n.2(B)) (2006); United States v. Lee, 358 F.3d 315, 329 (5th Cir. 2004).

Additionally, Clayton's commission of the instant offense while on federal supervised release and the revocation of his state probation following a drug arrest were reliable facts from which the district court could infer that Clayton was likely to reoffend, also warranting an upward departure. See § 4A1.3(a)(1); Lee, 358 F.3d at 328-29. Clayton therefore has not established plain error on the part of the district court. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

AFFIRMED.